BLD-103-E                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1005
_____

IN RE:  JULIE P. WHITCHURCH and JAMIE DAVIS,

                                                                        Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil No. 2-15-cv-00431)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 13, 2016
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: January 19, 2016)
_____

OPINION*
_____

PER CURIAM

Petitioners Julie Whitchurch and Jamie Davis, proceeding pro se, have filed an

emergency petition for a writ of mandamus, seeking review of the District Judge's refusal

to recuse himself from a civil case in which they are defendants, and requesting that we

vacate some of the District Court's orders.  For the reasons set forth below, we will deny

the petition for a writ of mandamus.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

Whitchurch and Davis are the defendants in a civil action currently pending before the Honorable Harvey Bartle III. In January 2015, plaintiffs Vizant Technologies, LLC ("Vizant"), and its chief executive officer, Joseph Bizzarro, filed a complaint in the District Court against Whitchurch and Davis, both former employees of Vizant, for injunctive relief and damages, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), breach of contract, misappropriation of trade secrets, defamation, tortious interference with existing and prospective contractual relationships, abuse of process, conversion, fraud, and civil conspiracy. In April 2015, after conducting an evidentiary hearing, the District Court granted, in part, Vizant's motion for a preliminary injunction. In June 2015, the District Court imposed sanctions on Whitchurch and Davis for failing to comply with the preliminary injunction. Thereafter, the parties have continued to engage in discovery and motion practice. On December 4, 2015, Whitchurch and Davis filed a motion under 28 U.S.C. § 455 seeking the recusal of Judge Bartle based on (1) perceived antagonism towards them during the preliminary injunction hearing and (2) information he allegedly improperly received regarding a related civil proceeding between the same parties in Georgia state court. Judge Bartle denied the motion for recusal. Whitchurch and Davis then filed this petition for a writ of mandamus.[1]

_____

[1] After Whitchurch and Davis filed their petition for a writ of mandamus, the District Court granted in part and denied in part plaintiffs' motion for partial summary judgment; granted in part and denied in part Whitchurch and Davis's motion for summary judgment; issued a permanent injunction against Whitchurch and Davis; and required Whitchurch and Davis to show cause why they should not be held in contempt for a violation of a District Court order. Whitchurch and Davis subsequently supplemented

To the extent that Whitchurch and Davis argue that recusal is proper under 28 U.S.C. § 455, we may consider the issue on mandamus. See In re Kensington Int'l Ltd., 353 F.3d 211, 219-20 (3d Cir. 2003); Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Whitchurch and Davis contend that recusal was warranted under 28 U.S.C. § 455(a) and (b)(1) because the District Judge expressed extreme prejudice and bias against them and engaged in allegedly improper ex parte communications. Recusal is required under subsection (a) when a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for such recusal is whether a reasonable person who is aware of all of the facts might reasonably question a judge's impartiality. See In re Kensington Int'l Ltd., 368 F.3d at 301-02. Section 455(b) sets forth specific

their mandamus petition, renewing their arguments and asserting that the District Court's rulings reveal the District Judge's bias against them. With their filing, they include an emergency motion to stay the proceedings in the District Court pending our ruling in this case.

circumstances for recusal, including where a judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Whitchurch and Davis's allegations of impartiality and bias are based primarily on their treatment throughout the litigation, particularly during the preliminary injunction hearing. Although Whitchurch and Davis complain about the District Judge's "verbal thrashing" during the preliminary injunction hearing and perceive evidence of extreme prejudice against them in certain comments made during the course of the civil proceedings, our review of the transcripts of the preliminary injunction hearing do not reveal any exchanges between Judge Bartle and the parties that rise to the level of "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). In any event, to the extent Judge Bartle challenged or expressed disagreement with Whitchurch and Davis's arguments at the hearing, a judge's remarks "that are critical or disapproving of, or even hostile to" the parties or their cases do not generally require recusal. See id. 555-56 (also explaining that "[n]ot establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display"). Moreover, Whitchurch and Davis's dissatisfaction with the District Court's rulings does not require the District Judge's recusal. See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").

4

Whitchurch and Davis also accuse the District Judge of engaging in so-called ex parte communications with counsel for the plaintiffs. In support of their claim, Whitchurch and Davis rely on plaintiffs' counsel's billing and time-keeping records, which list periodic telephone conferences with the District Judge's chambers prior to scheduled hearings or other deadlines. Although ex parte communications are strongly disfavored, see In re Kensington Int'l Ltd., 368 F.3d at 309-10, the record does not demonstrate that recusal is mandated on the basis of such communications here. In this context, there is nothing to indicate that the telephone calls with the District Judge's chambers were anything other than communications regarding procedural issues, and there is no indication that substantive advice was either solicited or offered during the calls. See In re Sch. Asbestos Litig., 977 F.2d 764, 789 (3d Cir. 1992) (stating that ex parte contacts are "tolerated of necessity . . . where related to non-merits issues [and] for administrative matters . . ."); cf. In re Kensington Int'l Ltd., 368 F.3d at 305 ("We do not hold that *ex parte* communications alone – in the absence of any conflict of interest – require recusal.").

In addition, Whitchurch and Davis claim that Judge Bartle's recusal was warranted based on plaintiffs' counsel's letter to Judge Bartle's chambers attaching an "Emergency Motion to Remove Improperly Filed Confidential Information from the Record" filed by one of the plaintiffs in the related Georgia action. This motion, however, was discussed at the preliminary injunction hearing in the presence of Whitchurch and Davis and was provided the following day in response to the specific inquiry made by Judge Bartle at the hearing. Moreover, Whitchurch and Davis were served with the motion in the

5

Georgia action. The record, therefore, does not demonstrate that plaintiffs' counsel's submission of that motion to the District Judge's chambers created any sort of pervasive bias that would necessitate recusal. See United States v. Bertoli, 40 F.3d 1384, 1412 (3d Cir. 1994) (noting that, to warrant recusal, bias must come from a source outside of the proceedings).

Finally, despite Whitchurch and Davis's arguments to the contrary, the record does not show that Judge Bartle engaged in improper ex parte communications with the judge presiding over the related Georgia state court action. Furthermore, in addressing this claim when denying the motion for recusal, Judge Bartle stated that he never engaged in any communications with the state court judge.

Whitchurch and Davis simply have not shown a clear and indisputable right to mandamus relief.[2] Insofar as they ask that we vacate all of the District Court's orders that relief is more properly sought on appeal after entry of final judgment, not in mandamus proceeding. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004) (stating that mandamus is not a substitute for appeal). Accordingly, the petition for a writ of mandamus (including the supplement thereto) is denied. Petitioners' motion to stay the District Court proceedings is denied.

---

[2] Whitchurch and Davis also complain of an inappropriate delay in the disposition of their Objections to Plaintiffs' Motion for Partial Summary Judgment, filed on September 14, 2015. To the extent their mandamus petition can be construed as seeking an order compelling the District Court to rule on plaintiffs' then-pending motion for partial summary judgment, the District Court has since granted in part and denied in part plaintiffs' motion, rendering such a request moot.